UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| TONYA FAYE GENTRY )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>CAROLYN W. COLVIN )<br>Commissioner of Social Security )<br>    Defendant. ) | Case No. 1:14-cv-164<br>(Collier/Carter) |

REPORT AND RECOMMENDATION

This action was instituted pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking judicial review of the final decision of the Commissioner denying the plaintiff a period of disability and disability insurance benefits, Title II of the Social Security Act, 42 U.S.C. §§ 416(I), 423.

This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b) and Rule 72(b) of the Federal Rules of Civil Procedure for a report and recommendation regarding the disposition of Plaintiff's Motion for Summary Judgment (Doc. 11) and Defendant's Motion for Summary Judgment (Doc. 14) and Plaintiff's Reply Brief (Doc. 16).

For the reasons stated herein, I **RECOMMEND** the Commissioner's decision be **REVERSED** and **REMANDED** pursuant to Sentence Four of 42 U.S.C. § 405(g).

Plaintiff's Age, Education, and Past Work Experience

Plaintiff was born in 1968 and alleged that she became disabled on June 15, 2012, when she was 43 years old (Tr. 112, 116). Plaintiff has some college education and past relevant work experience as a retail sales manager, assistant manager, and printer (Doc. 10).

1

## Claim for Benefits

Plaintiff applied for disability insurance benefits under Title II of the Social Security Act (Act), 42 U.S.C. §§ 401-434 (Tr. 112-15). She alleged disability beginning June 15, 2012 (Tr. 11). Section 205(g) of the Act, 42 U.S.C. § 405(g), provides for judicial review of a "final decision" of the Commissioner of the Social Security Administration (SSA). Plaintiff's claim was denied initially (Tr. 54, 56-58) and on reconsideration (Tr. 55, 63-64). On December 12, 2013, following a hearing, an administrative law judge ("ALJ") found that Plaintiff was not under a "disability" as defined in the Act (Tr. 8-22).

After consideration of the record, the ALJ found that Plaintiff had severe impairments including scoliosis, degenerative joint disease of the knees, and degenerative disc disease of the lumbar and cervical spine (Tr. 13). However, the ALJ found that Plaintiff did not have an impairment or combination of impairments listed in or medically equal to one contained in 20 C.F.R. part 404, subpart P, appendix 1 (Tr. 15). The ALJ then determined that Plaintiff retained the residual functional capacity ("RFC") to perform light work with certain limitations (Tr. 15). The ALJ found that Plaintiff's impairments would not preclude her from performing work that exists in significant numbers in the national economy including work as an assembly worker, production inspector, and hand packer (Tr. 21). Consequently, the ALJ found that Plaintiff was not disabled (Tr. 22).

On April 2, 2014, the Appeals Council of the Social Security Administration denied Plaintiff's request for review (Tr. 1-4). Thus, Plaintiff has exhausted her administrative remedies and the ALJ's decision stands as the final decision of the Commissioner subject to judicial review.

## Standard of Review - Findings of the ALJ

To establish disability under the Social Security Act, a claimant must establish he/she is unable to engage in any substantial gainful activity due to the existence of "a medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A); *Abbot v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990). The Commissioner employs a five-step sequential evaluation to determine whether an adult claimant is disabled. 20 C.F.R. § 404.1520. The following five issues are addressed in order: (1) if the claimant is engaging in substantial gainful activity he/she is not disabled; (2) if the claimant does not have a severe impairment he/she is not disabled; (3) if the claimant's impairment meets or equals a listed impairment he/she is disabled; (4) if the claimant is capable of returning to work he/she has done in the past he/she is not disabled; (5) if the claimant can do other work that exists in significant numbers in the regional or the national economy he/she is not disabled. *Id.* If the ALJ makes a dispositive finding at any step, the inquiry ends without proceeding to the next step. 20 C.F.R. § 404.1520; *Skinner v. Secretary of Health & Human Servs.*, 902 F.2d 447, 449-50 (6th Cir. 1990). Once, however, the claimant makes a prima facie case she cannot return to her former occupation, the burden shifts to the Commissioner to show there is work in the national economy which the claimant can perform considering her age, education and work experience. *Richardson v. Secretary v. Secretary of Health & Human Servs.*, 735 F.2d 962, 964 (6th Cir. 1984); *Noe v. Weinberger*, 512 F.2d 588, 595 (6th Cir. 1975).

The standard of judicial review to be applied by this Court is whether the findings of the Commissioner are supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 28

3

L. Ed. 2d 842, 92 S. Ct. 1420 (1971); *Landsaw v. Secretary of Health & Human Servs.*, 803 F.2d 211, 213 (6th Cir. 1986). Even if there is evidence on the other side of the issue, if there is evidence to support the Commissioner's findings they must be affirmed. *Ross v. Richardson*, 440 F.2d 690, 691 (6th Cir. 1971). The Court may not reweigh the evidence and substitute its own judgment for the Commissioner's merely because substantial evidence exists in the record to support a different conclusion. The substantial evidence standard allows considerable latitude to administrative decision makers. It presupposes there is a zone of choice within which the decision makers can go either way, without interference by the courts. *Felisky v. Bowen*, 35 F.3d 1027 (6th Cir. 1994) (citing *Mullen v. Bowen*, 800 F.2d 535, 548 (6th Cir. 1986)); *Crisp v. Secretary of Health & Human Servs.*, 790 F.2d 450 n. 4 (6th Cir. 1986).

After considering the entire record, the ALJ made the following findings:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2016.

2. The claimant has not engaged in substantial gainful activity since June 15, 2012, the alleged onset date (20 CFR 404.1571, *et seq*).

3. The claimant has the following severe impairments: scoliosis, degenerative joint disease of the knees, and degenerative disc disease of the lumbar and cervical spine (20 CFR 404.1520(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526).

5. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except the claimant would be limited to lifting and carrying up to twenty pounds occasionally, up to ten pounds frequently; could sit, stand and walk for six hours in an eight-hour day and could perform posturals occasionally but could never climb ladders, ropes or scaffolds; would be limited to simple, repetitive and routine work and

4

would be precluded from working with hazards due to the effect of her narcotic pain medications.

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565).

7. The claimant was born on ____ _, 1968 and was 43 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563).

8. The claimant has a limited education and is able to communicate in English (20 CFR 404.1564).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that claimant can perform (20 CFR 404.1569 and 404.1569(a)).

11. The claimant has not been under a disability, as defined in the Social Security Act, from June 15, 2012, through the date of this decision (20 CFR 404.1520(g)).

(Tr. 13-21).

## Issue Raised

Plaintiff raises two issues in her brief:

A. The ALJ improperly assigned little weight to Dr. Frauwirth's opinion.

B. The ALJ improperly discredited Plaintiff's statements of pain.

(Doc. 10, pp. 9, 12).

## Relevant Facts

Plaintiff's medical treatment is set forth in detail in the ALJ's Administrative Decision (Tr. 13-20) and in the parties' Briefs and Memorandum. I will not repeat it here but will refer to relevant portions in the analysis section. Plaintiff raises two issues but they are intertwined so I

5

will address both issues as a whole.

## Analysis

### The Weight given to the Opinion of the Treating Physician and Plaintiff's Pain

Plaintiff argues the ALJ erred in evaluating and assigning various levels of weight to the medical opinions in this case (Doc. 10, Plaintiff's Brief, pp. 9-12 and Doc. 16, Plaintiff's Reply Brief, pp 1-3). Specifically, she argues that the ALJ should have given controlling weight to the opinion of Dr. Frauwirth, the treating physician, because the opinion is supported by the record. A November 2012 MRI showed significant disc degeneration and severe stenosis. That MRI was ordered by Dr. Frauwirth, who had performed around 31 physical examinations of Plaintiff over a two year period which revealed findings consistent with the finding from the MRI. On November 15, 2012, Dr. Frauwirth ordered the MRI. At L5-S1 level there was diffusely bulging/degenerating disc producing mild central canal stenosis. There was severe left and moderate to severe right-sided foraminal stenosis. There was accompanying hypertrophic facet and ligmentum flavum changes. The impression from the MRI was: "Significant degenerating disc signal changes L5-S1 with reactive endplate changes, disc space height loss, and prominent facet and foraminal stenosis. Mild central canal stenosis L4-L5 with moderate bilateral foraminal stenosis at this level."

On November 26, 2015, 11 days after he ordered the MRI, Dr. Frauwirth completed a medical source statement in which he opined Plaintiff could only sit, stand or walk for 30 minutes at one time and only for two hours in a workday. He also stated she would have to elevate her legs for one to two hours during an eight hour period to reduce lower back pain and muscle spasms. He further noted she required regular breaks from work between 15 minutes to two hours to change positions or rest. He concluded she would need to miss two or more work days per month from severe pain requiring bed rest. And that she was on high dose opiates which

6

impair cognition or concentration. Finally he opined Plaintiff needed an assistive device (cane, walker, or wheelchair) to ambulate (Tr. 465-466). Plaintiff also points to diagnostic imaging from Memorial Hospital which support Dr. Frauwirth's conclusions.

She argues the other evidence including the opinions of Dr. Holland, a consultative physician who examined Plaintiff and the opinions of two non-examining state agency physicians and evidence of Plaintiff's daily activities are insufficient to reject Dr. Frauwirth's opinion. The Government disagrees, arguing the ALJ properly considered the medical opinion evidence in evaluating Plaintiff's subjective complaints and assessing her RFC.

For reasons that follow I agree with the Plaintiff. Although there is some evidence to support the ALJ's conclusion, the only medical opinions which support the conclusion that Plaintiff is capable of the limited range of sedentary work found by the ALJ was given by Dr. Holland, the consultative physician who examined Plaintiff on one occasion. His opinion was given before the November 15, 2012, MRI and before the disabling opinion of Plaintiff's treating physician, Dr. Frauwirth. The opinions of the State agency physicians were also given before the MRI and the disabling opinion of the treating physician.

On October 2, 2012, the Agency sent Plaintiff to be examined by a consultative physician, Dr. William Holland (Tr. 308-310). Dr. Holland examined Plaintiff, and found that Plaintiff could sit and stand easily and got on and off the examination table unassisted (Tr. 19, 309). She ambulated throughout the clinic without noticeable difficulty or gait disturbance (Tr. 19, 309). She had normal range of motion in her shoulder, elbows, wrists, and hands, with 5/5 grip strength bilaterally (Tr. 19, 309). Plaintiff had normal range of motion at her hips, knees, and ankles, and straight leg raising was negative (Tr. 19, 309). She could tandem and toe to heel walk normally and her motor, sensory, and cerebellar functioning were grossly intact (Tr. 19, 309-10). He did note a mild-to-moderate degree of scoliosis in the thoracic spine and slightly

7

rotated to the right. Based on the examination he concluded Plaintiff could work six to eight hours of an eight-hour day doing equal portions of sitting, standing, and walking. He limited her to about 5 to 10 pounds frequently and up to 25 pounds occasionally (Tr 309-310).

Plaintiff argues the ALJ improperly discredited Plaintiff's statements of pain but the thrust of her argument appears to be that the ALJ improperly discredited her testimony on the basis of her reported activities of daily living. In the opinion, the ALJ refers to this asserted inconsistency as follows:

> However, the claimant's reported activities of daily living are inconsistent with the extent of her alleged limitations. In an Adult Function report, the claimant stated she walked, drove a car, and used the computer (Exhibit 5E). During her consultative evaluation, the claimant reported she did her own shopping, was able to engage in all self-care activities unassisted, washed clothes and cleaned her house on a regular basis. The claimant reported she could cook most simple meals for herself and reportedly spent most of her time looking for a job that did not require lifting (Exhibit 9F).

Tr. 20.

When one looks at the Adult Function Report itself there are limitations reported that are not discussed by the ALJ. The information given about the illness begins with "I can't stand all day, I also cannot lift anything over 10 lbs or I'll be down in my back for a week. I've crawled out of bed crying." She notes " I wake up and try to get my house clean but it's hard because I am on pain medication. I also have to take so may breaks, I really can't get anything finished." She can feed her pets but not bathe them. She asserts she is up all hours of the night in pain. She says her son cooks most of the complete meals and if she cooks it is usually something easy. She does cook weekly but not as much as before. One question asks if she needs help or encouragement doing "these things." Her answer was "yes" for dusting, vaccuming[sic], cleaning bathtubs. I conclude she is asserting she needs help to perform those activities.

8

I agree with Plaintiff that these reported activities and reported conditions do not seem so inconsistent with her complaints and with the assessment of Dr. Frauwirth.

During the October 3, 2012 consultative evaluation, she reported she could cook most simple meals and wash clothes and clean house, engaging in all self-care activities un-assisted. She reported back pain and the inability to lift anything or stand all day. She spends most of her time looking for a job that does not require lifting.

This is yet another situation where the ALJ is weighing conflicting opinions of treating, consulting and non-examining State agency physicians. The Court of Appeals for the Sixth Circuit has repeatedly held that the opinions of a treating physician are entitled to great weight and generally are entitled to greater weight than the contrary opinions of a consulting physician who has examined the claimant on only a single occasion, or of those who have not examined the claimant at all. *Farris v. Secretary of Health and Human Services*, 773 F.2d 85, 90 (6th Cir. 1985); *Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir. 1985); *Hurst v. Schweiker*, 725 F.2d 53, 55 (6th Cir. 1984); *Stamper v. Harris*, 650 F.2d 108, 111 (6th Cir. 1981); *Branham v. Gardner*, 383 F.2d 614, 634 (6th Cir. 1967).

In *Walker v. Secretary of Health and Human Service*, 980 F.2d 1066 (6th Cir. 1992), the court held:The medical opinion of the treating physician is to be given substantial deference -- and, if that opinion is not contradicted, complete deference must be given [citations omitted]. The reason for such a rule is clear. The treating physician has had a greater opportunity to examine and observe the patient. Further, as a result of his duty to cure the patient, the treating physician is generally more familiar with the patient's condition than are other physicians [citation omitted], 980 F.2d at 1070. There is a rebuttable presumption that a treating source opinion will receive "great deference," if not controlling weight. *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234 (6th Cir. 2007). In this case there is a presumption, although rebuttable

9

that the treating physician was entitled to great deference. The only evidence to rebut that presumption was the opinion of the non-examining state agency physicians who reviewed the record before the disabling opinion of the treating physician was given. As Plaintiff argues, these rules favor the opinions of treating physicians over the opinions of physicians hired by the government for the purpose of defending against a disability claim. *Hurst v. Sec'y of H.H.S.*, 753 F.2d 517, 520 (6th Cir. 1985); *Allen v. Califano*, 613 F.2d 139, 145 (6th Cir. 1980).

In this case the ALJ's decision is based on his view that there is little medical evidence to support the disabling opinion of Dr. Frauwirth, his credibility determination of Plaintiff's testimony and the opinions of Dr. Holland and the State Agency Physicians. He explained the weight given to opinion evidence as follows:

> I find Dr. Frauwirth's opinion is overly broad and inconsistent with the claimant's physical examination findings, treatment notes, objective imaging, reported activities of daily living and with the record as a whole. To that end, the majority of the claimant's examination notes with Dr. Frauwirth or his physician's assistant, document normal gait and strength. Some of the physical examinations showed a slight decreased reflex in her left Achilles heel as well as slightly decreased strength in her left lower extremity but were within normal limits at other times (Exhibit 21F). Also, during the claimant's consultative evaluation, Dr. Holland documented the claimant was able to sit and then arise from a seated position easily, got on and off the examination table unassisted, and ambulated throughout the clinic without noticeable difficulty or gait disturbance (Exhibit 8F). Last, while Dr. Frauwirth's records note the claimant experiences increased tone and spasm, they also document the pain medications allowed the claimant to complete her activities of daily living including dressing, moving around, bathing, climbing stairs, cooking, keeping house, completing laundry, driving and handling her finances throughout the entirely of her treatment as well as that the claimant reported the medications allowed her to perform full time work activity though September 19, 2012 (Exhibit 21F). Based upon the foregoing and the record as a whole, I give Dr. Frauwith's opinion little weight.

Tr. 18, 19.

The ALJ then sets out the reasons for giving significant weight to the opinion of Dr. Holland and the non-examining State agency physicians:

10

> Dr. Holland opined the claimant could work six to eight hours of an eight-hour day doing equal portions of sitting, standing, and walking and limited the claimant to lifting to about five to ten pounds frequently and up to twenty-five pounds occasionally (Exhibit 8F). I find Dr. Holland's opinion is consistent with the claimant's physical examination findings, objective imaging and with the record as whole. As such, I give it significant weight.
>
> On October 11, 2012, Nathaniel Briggs, M.D., a State agency consultant thoroughly reviewed the claimant's case and opined the claimant could lift and carry up to twenty pounds occasionally, up to ten pounds frequently; could sit, stand and walk for six hours in an eight-hour day and could perform posturals occasionally but could never climb ladders, ropes or scaffolds with no additional limitations (Exhibit 11F). On January 30, 2013, Anita Johnson, M.D., another State agency consultant reviewed the claimant's case and agreed with Dr. Briggs (Exhibit 16F). I find the State agency consultants opinions are consistent with the claimant's physical examination findings, objective imaging and with the record as whole. As such, I give them significant weight.

Tr. 23.

Because the treating physician has opined Plaintiff to be capable of less than even a limited range of light work and because the only medical evidence of record to support the conclusion Plaintiff is capable of a limited range of sedentary work comes from the consultative physician, based on his one-time examination, and on non-examining State agency physicians, all of whom reviewed the record before the disabling opinion of the treating physician and the supporting MRI was in the record, I conclude the opinion is not supported by substantial evidence. However, there is evidence in the record which supports the decision, and I do not find evidence of disability to be overwhelming, so I am recommending remand.
On remand the reviewing State agency physicians can review the record, including the opinions of both Dr. Frauwirth and the November 15, 2012, MRI, and any other evidence submitted and then assess whether Plaintiff is capable of work that exists in the national economy. The ALJ can then reassess whether there is work Plaintiff can perform based on the entire updated record.

11

Conclusion

Having carefully reviewed the entire administrative record and the briefs and memorandum of the parties filed in support of their respective motions, I conclude the findings of the ALJ and the decision of the Commissioner that Plaintiff can perform a limited range of light work is not supported by substantial evidence for the reasons set forth above. However, evidence of disability is not overwhelming and there is some evidence to support the Commissioner therefore remand is the appropriate remedy. Accordingly, I RECOMMEND that:

1. Plaintiff's motion for judgment on the administrative record (Doc. 11) seeking summary judgment be GRANTED in PART to the extent it can be said to seek remand under Sentence Four of 42 U.S.C. § 405(g).

2. Defendant's motion for summary judgment (Doc. 14) be DENIED.

3. The Commissioner's decision denying benefits be REVERSED and REMANDED pursuant to Sentence Four of 42 U.S.C. § 405(g) for action consistent with this Report and Recommendation.[1]

S/*William B. Mitchell Carter*
UNITED STATES MAGISTRATE JUDGE

---

[1] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 88 L.Ed.2d 435, 106 S.Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).

13